BRETT L. TOLMAN, United States Attorney (#8821)
STEWART C. WALZ, Assistant United States Attorney (#3374)
TREY MAYFIELD, Assistant United States Attorney *(Provisionally Admitted)*
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. |
| Plaintiff, | : | INDICTMENT |
| v. | : | |
| CLAUD R. KOERBER a/k/a RICK KOERBER, | : | VIO. 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); 26 U.S.C. § 7201 (Tax Evasion) |
| Defendant. | : | |
| | : | Case: 2:09-cr-00302<br>Assigned To : Stewart, Ted<br>Assign. Date : 5/26/2009<br>Description: USA v. |

The Grand Jury charges:

**The Defendant and His Businesses**

At all times relevant to this indictment:

1. Defendant CLAUD R. KOERBER aka RICK KOERBER was an individual with decision making authority over several businesses located in Utah.

2. Founders Capital, LLC (Founders Capital) was a Utah Limited Liability Company formed in or around April 2005 and associated with defendant KOERBER. Founders Capital

received investment monies, sometimes termed as loans, from victims of the scheme and artifice to defraud alleged below.

3.     Franklin Squires Investments, LLC, and Franklin Squires Companies, LLC, were Utah Limited Liability Companies associated with defendant KOERBER and Founders Capital.

## The Scheme and Artifice to Defraud

4.     From on or about an unknown date in 2004 to on or about December 31, 2008, in the Central Division of the District of Utah and elsewhere, defendant KOERBER devised and intend to devise a scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, representations, and promises. In execution of the scheme to defraud, defendant KOERBER used the United States mails, interstate wire transmissions, and the facilities and means of interstate commerce.

5.     Beginning around 2004, defendant KOEBER created and presented a series of seminars designed to encourage individuals to make money through a real estate program that defendant KOERBER named the "Equity Mill." It was a part of the scheme and artifice to defraud that defendant KOERBER accepted money from individuals and companies through Founders Capital and with the representation that Founders Capital would use the money to make "hard money" or bridge loans to other entities associated with Founders Capital, namely Hill Erickson LLC (Hill Erickson), and New Castle Holdings LLC (New Castle), for the purpose of acquiring real property for use in the "Equity Mill."

2

6. Defendant KOERBER communicated his misrepresentations and omissions regarding his schemes, both directly and indirectly, to the different levels of investors and potential investors through various means, including his seminars, phone calls, mailings, radio programs, web sites, and advertisements. Defendant KOEBER made such misrepresentations and omissions to colleagues and intermediaries with the knowledge that such information would be disseminated to other investors and potential investors.

7. It was further a part of the scheme and artifice to defraud that defendant KOERBER represented to investors and potential investors that through the "Equity Mill," substantial amounts of money could be made. Defendant KOERBER paid varying amounts of interest on the money provided to Founders Capital, but most generally 5% per month to its first line investors.

8. It was further a part of the scheme and artifice to defraud that defendant KOERBER, as part of his seminars, encouraged the first line investors, those who would receive 5% per month, "to act and think like a bank," that is, obtain money from other people to place with Founders Capital. It was suggested that the first line investors could pay 3% per month to second line investors, and in turn, second line investors, also taught to think and act like a bank, could pay 1% per month to third line investors.

9. It was further a part of the scheme and artifice to defraud that defendant KOERBER represented to investors and potential investors, "Founders Capital, LLC provides the

3

opportunity to the families to loan their funds directly to Founders Capital, LLC in exchange for an aggressive interest payment and a high degree of liquidity. Founders Capital, LLC then re-loans the money to parties that meet Founders Capital, LLC lending criteria."

10. It was further a part of the scheme and artifice to defraud that defendant KOERBER also represented to investors and potential investors that the funds loaned to Founders Capital, "Are usually backed, collateralized or secured by real property of greater or substantially similar value. The monies are then used by the entities such as Founders Capital, LLC as 'short term' financing to acquire and improve real property investments prior to obtaining more permanent cost effective financing."

11. It was further a part of the scheme and artifice to defraud that defendant KOERBER represented to investors and potential investors, "when individuals or families make loans to Founders Capital, LLC typical interest rates on the loaned funds . . . range between 1-10% a month . . .. Typical levels of security or collateralization range between 50% and 150%."

12. It was further a part of the scheme and artifice to defraud that defendant KOERBER knew the above representations were false, or, made these representations false by taking substantial amounts of the money invested with Founders Capital and using it for purposes other than real estate bridge loans and to purchase real property. Furthermore, most of the money placed with Founders Capital was not secured or collateralized by real estate.

13. It was further a part of the scheme and artifice to defraud that defendant KOERBER knew that most of the money placed with Founders Capital was not used for real estate purchases and knew that a substantial amount of the money was diverted for other

purposes because defendant KOERBER almost exclusively controlled the use of the funds placed into Founders Capital.

14. It was further a part of the scheme and artifice to defraud that defendant KOERBER used money for purposes not disclosed to the investors and potential investors with Founders Capital, such as for defendant KOERBER's personal housing, expensive automobiles, investments into restaurants, and investments into other businesses. For example, defendant KOERBER caused over $850,0000 to be spent on restaurants, $800,000 to be loaned to an associate for a restaurant, and over $1,000,000 to be spent on expensive automobiles. In addition, defendant KOERBER caused over $5 million to be spent making movies.

15. It was further a part of the scheme and artifice to defraud that in order to convince earlier investors that their funds were earning money and to convince potential investors that the program was working and earning money, defendant KOERBER operated the businesses of Founders Capital and related entities as a "ponzi scheme". That is, defendant KOERBER used money placed with Founders Capital to make interest payments to earlier investors. In this way, defendant KOERBER created the false impression that the businesses were profitable, that the investments were safe, secure, and that interest was being paid.

16. At no time during the operation of the scheme did the Founders Capital or Franklin Squires entities operated by defendant KOERBER as part of his Equity Mill scheme make a profit. Defendant KOERBER, by means of his misrepresentations and omissions, obtained approximately $100 million in investor funds. Over $50 million of those investor funds were used to make ponzi payments.

## Count 1
## 18 U.S.C. § 1341
## (Mail Fraud)

17. The allegations of the Scheme and Artifice to Defraud are incorporated by this reference as though fully set forth herein.

18. On or about July 20, 2005, in the Central Division of the District of Utah,

**CLAUD R. KOERBER,**

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing said scheme and artifice to defraud and attempting to do so, did cause to be deposited in an authorized depository for mail matter a letter addressed "To Our Lenders" which contained many of false and fraudulent representations alleged in the Scheme and Artifice to Defraud;

all in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2(b).

## Count 2
## 18 U.S.C. § 1343
## (Wire Fraud)

19. The allegations of the Scheme and Artifice to Defraud are incorporated by this reference as though fully set forth herein.

20. On or about May 22, 2007, in the Central Division of the District of Utah,

**CLAUD R. KOERBER,**

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and

promises, for the purpose of executing said scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs and signals, that is a wire transfer of $1,000,000 of investor money from MIWE, LLC to an account in the name of Founders Capital;

all in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2(b).

### Count 3
### 26 U.S.C. § 7201
### (Tax Evasion)

21.   The factual allegations of the Scheme and Artifice to Defraud are incorporated by this reference as though fully set forth herein.

22.   During the year 2005,

### CLAUD R. KOERBER,

defendant herein, a resident of the State of Utah, had and received a taxable income of in excess of $900,000; that upon said taxable income he owed to the United States of America income tax of in excess of $250,000; that he was required by law on or before October 15, 2006, to make an income tax return to the Internal Revenue Service, and to pay such income tax; that well knowing the foregoing facts, defendant KOERBER on or about October 15, 2006, in the District of Utah, did willfully and knowingly attempt to evade and defeat said income tax due and owing to the United States of America for the year 2005 by failing to make an income tax return to the Internal Revenue Service, by failing to pay said income tax to the Internal Revenue Service, and by causing various business entities under the control of defendant KOERBER to pay personal expenses on his behalf;

all in violation of 26 U.S.C. § 7201.

                                      A TRUE BILL:

                                      */s/ June Brown*
                                      FOREPERSON OF THE GRAND JURY

BRETT L. TOLMAN
United States Attorney

*/s/ Stewart C. Walz*
STEWART C. WALZ
TREY MAYFIELD
Assistant United States Attorneys

8