IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09-CR-302<br><br>Judge Clark Waddoups |

　　　　Before the court is Defendant's motion to quash indictments and grand jury panel, to disqualify government counsel and investigators, and to compel discovery regarding the government's use of privileged information.  (Dkt. No. 202.)  This motion stems from the court's ruling that the government improperly used a privileged communication in the original indictment.  (Dkt. No. 165.)  Although submitted as a single motion, the court will consider each of Defendant's arguments in turn.

**I.　Motion to Quash**

　　　　The Supreme Court has directed that "dismissal of the indictment is appropriate only if it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations."  *Bank of N.S. v. United States*, 487 U.S. 250, 256 (1988).  Defendant argues that the repeated use of privileged information has substantially influenced the grand jury's decision to indict, stating that "the government's pronouncements to the newspaper indicated that it was still using Defendant's privileged information: 'There are no substantive changes in the superseding

1

indictment.'"  (Dkt. No. 202, 2.)  In other words, Defendant apparently believes that the newspaper quote demonstrates that "the prosecution team and investigators have admittedly made 'substantial' use of Defendant's privileged information in the prosecution of the case." (Dkt. No. 202, 20.)  Not only does Defendant's logic not follow, but his assertion is factually incorrect.

After the hearing on February 7, 2012, the court ordered the government to provide a sealed, *in camera* copy of the grand jury proceedings leading to the issuance of the superseding indictment dated September 29, 2011.  (Dkt. No. 225.)  The court has fully reviewed the relevant documents, and it is now obvious that Defendant has erred in his assumption of the facts. Simply stated, the court cannot find the faintest reference to the privileged letter, or its contents, in the latest grand jury transcript.

By the government stating that there are "no substantive changes in the superseding indictment," the court is satisfied that upon dismissal of the first count of the indictment, the letter was not a basis for the counts now asserted in the superseding indictment.  The remaining counts have not substantively changed.  Regardless, it cannot be tenably asserted that the privileged letter has anything to do with Defendant's current indictment.[1]

**II.     Motion to Disqualify**

Defendant argues that the government's prosecution team should be disqualified because its " 'substantial' use of Defendant's privileged information has so tainted its prosecutorial theories that the integrity of the judicial process cannot be served if there is anyone with past-access to Defendant's privileged information remaining on the prosecution team."  (Dkt. No.

---

[1]     Despite the dubious nature of Defendant's legal argument regarding whether privileged evidence may be permissibly heard by the grand jury, because the factual premise is incorrect – that being that the privileged letter was not actually used in the latest superseding indictment – the legal argument is moot.

202, 21.)  Because the argument is premised on the erroneous factual foundation that Defendant's privileged information was substantially used, the argument is rejected.

### III.  Motion to Compel Discovery

Lastly, Defendant argues that the court should compel discovery regarding the government's use of Defendant's privileged information.  (Dkt. No. 202, 24.)  Indeed, "[t]he court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."  Fed. R. Crim. P. 6(e)(3)(E)(ii).  For the reasons stated, such grounds have not been shown to exist.

## CONCLUSION

For the reasons stated herein, Defendant's motion is denied.  (Dkt. No. 202.)

DATED this 23rd day of February, 2012.

BY THE COURT:

Clark Waddoups
United States District Judge