IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>      Plaintiff,<br><br>v.<br><br>CLAUD R. KOERBER,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REOPEN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO SUPPRESS<br><br>Case No. 2:09-cr-00302<br><br>Judge Clark Waddoups |

   The court has reviewed Defendant's Expedited Motion to Reopen Evidentiary Hearing on Defendant's Motion (Docket #258) Based on the Government's Newly Asserted Advice of Counsel Defense to Prosecutorial Misconduct (Dkt. No. 340) and related submissions. As discussed further below, the court GRANTS Defendant's motion with the following effect: (1) the court requires the Government to produce to Defendant all guidance from or communications with Department of Justice ("DOJ") ethics or professional responsibility advisors (by whatever appellation), including from or with any internal liaison dealing with "professional responsibility" matters, relating to the issue of potentially contacting or interviewing Defendant despite the possibility that he was represented by counsel; and (2) the court orders the reopening of the evidentiary hearing so that Defendant can solicit testimony about this issue.

## BACKGROUND

   A central inquiry underlying Defendant's complex Motion to Suppress (Dkt. No. 258) has been whether and when the Government knew or should have known that Defendant was represented by counsel and whether awareness of such representation precluded contact with

Defendant absent consent of his counsel pursuant to the Sixth Amendment to the Constitution, Rule 4.2 of the Utah Rules of Professional Responsibility, and other controlling legal principles and cases. During the three day evidentiary hearing in November 2012, Government witness former Special Assistant United States Attorney ("SAUSA") Jennifer Korb testified that in preparation for the hearing on this question, she had refreshed her memory of the events occurring nearly two years earlier, in December 2008, by reviewing an email she wrote at that time with the subject line "Rule 4.2 issue." (Tr. Ev. Hrg. 11/8/2012, at 152 [Dkt. No. 301]; *see also* Email from Ms. Korb to Ms. Stevens, admitted as Govt.'s Ex. 6.) The court overruled objections that were raised by the Government based on deliberative process privilege, attorney-client privilege, and the work product doctrine when Defendant began questioning Ms. Korb about this email and ordered the Government to provide the entire memorandum that Ms. Korb had reviewed to refresh her recollection. The Government, however, submitted a single page—her undated email to Ms. Stevens—as the only part of the material that Ms. Korb had reviewed to refresh her memory in advance of the hearing. The court noted that "[i]f there is some part of the memorandum that was not shown to her, I don't need to see that," adding "[t]hat may be a challenge for another day." (Tr. Ev. Hrg. 11/8/2012, at 161-62 [Dkt. No. 301].)

Ms. Korb and Assistant United States Attorney ("AUSA") Stewart Walz both testified when questioned about Ms. Korb's email that they did not remember receiving any response to the email—either from Ms. Stevens, in the case of Ms. Korb (*id.* at 155 & 160), or the DOJ Professional Responsibility Office, agents, or others, in the case of Mr. Walz (*id.* at 232-33). And, based on the Government's renewed assertion of deliberative process privilege, attorney-client privilege, and the work product doctrine, the court sustained the Government's objections to Defendant posing any questions relating to "communication with the Professional

Responsibility Office" and "all of the communication relating to the advice on how they should act with respect to this issue professionally." (*Id.* at 231-32.)

In its reply to Defendant's submission of Supplemental Authority following oral argument on the Motion to Suppress, as in its brief opposing the Motion to Suppress, the Government argued that prosecutors' and investigators' actions in contacting and interviewing Defendant—even if they knew or should have known that he was represented by counsel—was not a violation of the Sixth Amendment or Rule 4.2 of the Utah Rules of Professional Responsibility or other controlling standards because these actions were "authorized by law." (*See, e.g.*, Resp. to Def.'s Suppl. Auth. and Briefing 10 [Dkt. No. 338].) However, in supporting this argument, the Government changed its approach in responding to Defendant's supplemental authority, now arguing that it "took steps not required by the Constitution, federal statutes or the rules of ethics" because "the prosecutors consulted with ethics advisors before the agent arranged the interviews" with Defendant. (*Id.* at 9.) In fact, the Government has now asserted affirmatively that the agent "did *not* take steps to arrange the interviews until prosecutors received this information and guidance from DOJ ethics advisors." (*Id.* at 9 n.3 (emphasis in original).)

## ANALYSIS

The Government's current position is incompatible with the privileges upon which it relied in the evidentiary hearing on Defendant's Motion to Suppress. Previously, the Government had raised the deliberative process privilege, attorney-client privilege, and the work product doctrine as a shield to prevent Defendant from reviewing or inquiring about advice received from ethics or professional responsibility advisors within the DOJ or internally within the U.S. Attorney's Office in response to Ms. Korb's December 2008 email, written at AUSA Walz's

request. (Tr. Ev. Hrg. 11/8/2012, at 161, 208-09, 231-32 [Dkt. No. 301].) And Ms. Korb and AUSA Walz testified that they had no recollection of receiving a response from ethics or professional responsibility advisors, or others, to Ms. Korb's December 2008 email. (*Id.* at 155, 160, 232-33.) But now the Government is using its assertion of the privilege as a sword, arguing that prosecutors and investigators were following "information and guidance from the DOJ ethics advisors" in its effort to establish that their actions were "authorized by law" and not "outrageous." (Resp. to Def.'s Suppl. Auth. and Briefing 9 n.3 [Dkt. No. 338].)

"A ruling on whether to reopen a suppression hearing is governed by principles of jurisprudence that relate to reopening proceedings, generally. The decision to reopen a suppression hearing is within the sound discretion of the trial court and is reviewed for abuse of discretion." *United States v. Harmon*, 871 F. Supp. 2d 1125, 1145 (D.N.M. 2012) (internal quotation marks and citations omitted); *cf. United States v. Rabb*, 752 F.2d 1320, 1323 (9th Cir. 1984). This is particularly the case where an evidentiary issue goes to the credibility determinations that this court must make concerning the testimony of federal agents. *Harmon*, 871 F. Supp. 2d at 1145 (citing *United States v. Atkins*, No. 92-10420, 1993 U.S. App. LEXIS 19626, at *6 (9th Cir. 1993) (unpublished)).

Here, reopening the evidentiary hearing will both assist the court in making the necessary credibility determinations about the testimony of key witnesses and allow Defendant to examine the "information and guidance from the DOJ ethics advisors" that prosecutors and investigators apparently relied on in deciding to proceed with *ex parte* communications and interviews of Defendant. The Government's position has moved from not recalling what, if any, response was received from DOJ or internal ethics or professional responsibility advisors to an affirmative assertion that such advice was solicited, received, and relied upon before any action was taken.

This shift constitutes a waiver of the privileges asserted under well-established controlling legal principles. Much as a party cannot "elect to testify in his own behalf and thereafter assert his Fifth Amendment privilege to resist cross-examination on matters reasonably related to those brought out in direct examination," a party cannot assert these privileges but then refer to privileged communications to support its position. *United States v. Nobles*, 422 U.S. 225, 239-40 (1975).

"Under Tenth Circuit law [the party asserting the privilege] has the burden of showing both that the communications at issue are privileged and that the privilege has not been waived." *See Kovacs v. Hershey Co.*, No. 04-cv-01881-WYD-BNB, 2006 U.S. Dist. LEXIS 69342, *29 (D. Colo. Sept. 26, 2006). But selective reference to privileged communications, as has now occurred here, constitutes a waiver of these privileges with respect to the same subject under the so-called "sword and shield" doctrine. *See, e.g.*, *id.* at *17 ("Where a party injects part of a communication as evidence, fairness demands that the opposing party be allowed to examine the whole picture. Further, the attorney-client privilege cannot be used as both a sword and a shield. In other words, once the privilege is waived, it cannot then be used as a shield to prevent the [opposing party] from exploring fully the substance and circumstances of that advice.") (internal quotation marks and citation omitted); *see also B.H. v. Gold Fields Mining Corp.*, 239 F.R.D. 652, 655 (N.D. Okla. 2005) ("Waiver can also occur by implication where fairness mandates, as where a party injects the substance of work-product into litigation or other adversary proceedings, or makes a partial disclosure of work-product while seeking to maintain protection of work-product related to the same subject.") (internal citations omitted); *Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 200 F.R.D. 183, 193 (W.D.N.Y. 2001) (waiver found where

privilege holder takes affirmative position that puts at issue the very information sought to be protected).

As Defendant argues, in now supporting its arguments by claiming that prosecutors and investigators sought, received, and relied on "information and guidance from the DOJ ethics advisors," the Government has "waived the attorney-client privilege with regard to any attorney-client communications related to the same subject matter, including communications with counsel other than in-house counsel." (Def.'s Exp. Mot. Reopen Ev. Hrg. 10 [Dkt. No. 340] (quoting *In re Echo Star Communs. Corp.*, 448 F.3d 1294, 1298 (Fed. Cir. 2006).) As the Tenth Circuit has noted, by raising an advice-of-counsel defense, a party thereby waives the attorney-client privilege regarding the advice counsel has given the party on the issue. *United States v. Evanson*, 584 F.3d 904, 914 (10th Cir. 2009). As further explained:

> Reliance on the defense that a party acted on the advice of counsel results in a waiver of the attorney-client privilege and the work product rule. If a party asserts as an essential element of his defense reliance upon the advice of counsel, the party waives the privilege with respect to all communications, whether written or oral, to or from counsel concerning the transactions for which counsel's advice was sought. In other words, the advice of counsel defense requires full disclosure of all the material facts.

*Evello Invs. N.V. v. Printed Media Servs.*, No. 94-2254-EEO, 1995 U.S. Dist. LEXIS 4069, at *17 (D. Kan. Mar. 23, 1995) (quoting *Downs v. Brasted*, No. 92-1611-MLB, 1993 WL 273369, at *1 (D. Kan. June 23, 1993)).

Nevertheless, "[w]aivers of the privilege have been held to be 'narrowly construed'." *Kovacs*, 2006 U.S. Dist. LEXIS 69342, *16 (quoting *Dexia v. Credit Local v. Rogan*, 231 F.R.D. 268, 276 (N.D. Ill. 2004)). Thus, though the court now compels the Government to disclose all communications with DOJ or internal ethics or professional responsibility advisors relating to Defendant's representation, Rule 4.2 of the Utah Rules of Professional Responsibility, and

discussions about communicating with or interviewing Defendant under these circumstances, this additional disclosure is restricted to this issue. Defendant's further examination of witnesses in the reopened evidentiary hearing will also be restricted to probing this issue.

## **CONCLUSION**

The court GRANTS Defendant's Expedited Motion to Reopen Evidentiary Hearing (Dkt. No. 340). Accordingly, the court compels the Government to produce to Defendant all guidance from or communications with DOJ or internal ethics or professional responsibility advisors relating to the issue of Defendant's representation by counsel or potentially contacting Defendant despite possibly being represented by counsel and orders the reopening of the evidentiary hearing so that Defendant can examine this issue.

SO ORDERED this 31st day of May, 2013.

BY THE COURT:

_____
Clark Waddoups
United States District Judge